USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/16/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL REMBERT,

Plaintiff,

-against-

WESTCHESTER CO. DEPT OF CORRECTIONS MEDICAL SERV; WELLPATH MEDICAL,

Defendants.

26-CV-7918 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff, who currently is incarcerated at Westchester County Jail, brings this action *pro se*. Plaintiff asserts claims, under 42 U.S.C. § 1983, for alleged violations of his constitutional rights. By order dated September 15, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

**DISCUSSION**

**A. Defendant "Westchester Co. Dept of Corrections Medical Serv"**

Plaintiff names the Westchester County Department of Corrections ("WCDOC") Medical Services as a defendant. In federal court, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *see also Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*."). Under the Westchester County Charter, the WCDOC has the capacity to sue and be sued. *Id.* at 354 ("WCDOC *can* be sued under section 194.61 of the Westchester County Charter"). WCDOC

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Medical Services, however, is only a subunit of WCDOC and therefore lacks the capacity to be sued. In light of Plaintiff's *pro se* status and apparent intention to assert claims against WCDOC, the Court construes Plaintiff's claims against WCDOC Medical Services as having been brought against WCDOC, and directs the Clerk of Court to amend the caption of this action to replace the WCDOC Medical Services with Defendant "Westchester County Department of Corrections." *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses WCDOC may wish to assert.

**B. Service on Named Defendants**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to assistance from the court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants WCDOC and "Wellpath Medical" through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue summonses for these defendants and deliver to the Marshals

[2] Although a summons and complaint generally must be served within 90 days of the date the complaint is filed, *see* Fed. R. Civ. P. 4(m), Plaintiff proceeds IFP and could not effect service until the Court reviewed the complaint and ordered that any summonses issue. The Court therefore extends the time to serve until 90 days after the date summonses issue.

If service is not effectuated within this 90-day period, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

Service all of the paperwork necessary for the Marshals Service to effect service upon each defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Court dismisses Plaintiff's claims against Defendant "Westchester Co. Dept of Corrections Medical Serv." because it lacks the capacity to be sued. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court directs the Clerk of Court to add Westchester County Department of Corrections as a Defendant. *See* Fed. R. Civ. P. 21.

The Clerk of Court is instructed to issue summonses for Defendants WCDOC and "Wellpath Medical," complete the USM-285 form with the address for each Defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: September 16, 2026
White Plains, New York

NELSON S. ROMÁN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Westchester County Department of Corrections
   10 Woods Road
   Valhalla, NY 10595

2. Wellpath Medical Inc.
   6550 Carothers Parkway, Suite 500
   Franklin, TN 37067

   Wellpath Medical Inc.
   Westchester County Department of Corrections
   10 Woods Road
   Valhalla, NY 10595